J-S05018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANDREW TODD FRANTZ | |
| Appellant | No. 1190 MDA 2016 |

Appeal from the Judgment of Sentence June 1, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001931-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED FEBRUARY 24, 2017**

Appellant, Andrew Frantz, appeals from the judgment of sentence entered after a jury convicted him of statutory sexual assault, unlawful contact with a minor, corruption of minors, and involuntary deviate sexual intercourse with a person less than 16 years of age. On appeal, Frantz argues that the trial court abused its discretion in imposing sentence, and erred in failing to declare a mistrial due to statements made in the prosecutor's closing argument. After careful review, we affirm.

At trial, the Commonwealth presented the testimony of the victim. She testified that she was Frantz's stepsister. *See* N.T., Trial, 2/1-3/16, at 68-69. In 2003, when she was approximately 13 years old, she was removed

_____

[*] Retired Senior Judge assigned to the Superior Court.

from her abusive mother's house and began living with her father, step-mother, and Frantz. *See id*., at 71.

At first, her relationship with Frantz was "typical brother and sister." *Id*., at 81. However, over time this changed. Eventually, Frantz cornered her in the living room late one night and forced her to perform oral sex on him. *See id*., at 85. In another instance, she woke up one night to find Frantz attempting to stick his penis in her mouth. *See id*., at 87.

The victim testified that, around the time she started eighth grade, Frantz had anal intercourse with her approximately 5 times. *See id*., at 89. During the same time period, Frantz also had vaginal intercourse with the victim multiple times. *See id*., at 91.

Prior to trial, the Commonwealth and Frantz agreed that defense counsel could cross-examine the victim about her use of drugs during the relevant parts of her life, and about the paternity of the child she gave birth to when she was 16 years old. However, the parties agreed that no other reference to her sexual history would be admissible. *See id*., at 5-6.

After the jury found Frantz guilty on all counts, the trial court requested a pre-sentence investigation report ("PSI") and scheduled a sentencing hearing. After reviewing the PSI, a victim impact statement, and the arguments of counsel, the trial court sentenced Frantz to an aggregate sentence of imprisonment of 8 to 20 years.

Frantz filed post-sentence motions arguing that the trial court abused its discretion in imposing a consecutive sentence and improperly based the sentence on Frantz's failure to take responsibility for the crime. The trial court denied the motions, and this timely appeal followed.

On appeal, Frantz first argues that the trial court abused its discretion in imposing sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review this challenge on its merits." **McAfee**, 849 A.2d at 274 (citation omitted). "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." **Id**. (citation omitted).

"Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." **Id**. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Tirado**,

870 A.2d at 365 (citation omitted). We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. **See id**. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." **Id**. (citation omitted).

In the present case, Frantz's appellate brief contains the requisite Rule 2119(f) concise statement. Furthermore, he preserved his argument against the discretionary aspects of his sentence through a post-sentence motion. Thus, he is in technical compliance with the requirements to challenge the discretionary aspects of a sentence.

Frantz first argues in his Rule 2119(f) statement that the court abused its discretion in relying on its impression that Frantz had not taken responsibility for his crimes. This argument raises a substantial question. **See Commonwealth v. Bethea**, 379 A.2d 102, 104 (Pa. 1977) ("[A] plea of not guilty or a demand for a jury trial are not factors that a judge should consider in deciding whether to give a more severe sentence."). However, our review of the sentencing transcript does not convince us that the trial court punished Frantz for pleading not guilty.

The trial court exhaustively reviewed Frantz's circumstances, including the fact that he is a single parent, who had maintained gainful employment, and had not been charged with another crime of sexual violence in the intervening years. **See** N.T., Sentencing, 6/1/2016, at 10. Furthermore, the

trial court reviewed the PSI. *See id*. While the trial court did criticize Frantz's lack of candor with the court regarding the crimes, *see id*., at 11, it ultimately imposed standard range sentences at all counts, with one count of involuntary deviate sexual intercourse being run consecutive to the other sentences.

A sentence within the standard range of the guidelines is presumptively reasonable. *See Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009). Furthermore, a sentencing court "has the discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question." *Id*. (citation omitted). *See also* 42 Pa.C.S.A. § 9721(a). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Moury*, 992 A.2d 162, 171-72 (Pa. Super. 2010) (citation omitted).

This is not an extreme circumstance. The jury convicted Frantz on, among others, two counts of involuntary deviate sexual intercourse with his 14-year-old stepsister. An aggregate sentence of imprisonment of 8 to 20 years is not unduly harsh. Thus, Frantz's first challenge to the discretionary aspects of his sentence merits no relief.

In his second argument, he claims the trial court failed to consider his rehabilitative needs. "[A] generic claim that a sentence is excessive does not raise a substantial question for our review." **Commonwealth v. Christine**, 78 A.3d 1, 10 (Pa. Super. 2013), **aff'd**, 125 A.3d 394 (Pa. 2015) (citation omitted). "Additionally, this Court has repeatedly held that an allegation that the trial court failed to consider particular circumstances or factors in an appellant's case go to the weight accorded to various sentencing factors and do not raise a substantial question." **Id**. at 10-11 (citations omitted).

While Appellant argues that the sentencing court failed to consider his rehabilitative needs and "other relevant factors," in substance he merely argues that the court failed to sufficiently address factors of record. "[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected." **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*), **appeal denied**, 104 A.3d 1 (Pa. 2014) (citation omitted). The sentencing court reviewed a PSI. **See** N.T., Sentencing, 2/5/16 at 4. Where the sentencing court had the benefit of reviewing a PSI, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that

sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

***Commonwealth v. Hallock***, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted). As the trial court in this case did have the benefit of a PSI, we must presume that it considered all relevant sentencing factors and fashioned an individualize sentence. Based on the foregoing, we are constrained to find that Frantz's claim that the sentencing court did not adequately consider relevant factors of record fails to raise a substantial question.

In his second numbered issue on appeal, Frantz contends that the trial court erred in refusing to declare a mistrial after the prosecutor argued that Frantz was "the first person to introduce her [the victim] to this world of sex." N.T., Trial, 2/1-3/2016, at 196. Frantz contends this argument was improper pursuant to the parties' pre-trial agreement that the victim's sexual history was inadmissible.

It is well established that a prosecutor is permitted to vigorously argue his case so long as his comments are supported by the evidence or constitute legitimate inferences arising from that evidence.

> In considering a claim of prosecutorial misconduct, our inquiry is centered on whether the defendant was deprived of a fair trial, not deprived of a perfect one. Thus, a prosecutor's remarks do not constitute reversible error unless their unavoidable effect ... [was] to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict. Further, the allegedly improper remarks must be viewed in the context of the closing argument as a whole.

*Commonwealth v. Luster*, 71 A.3d 1029, 1048 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citations omitted).

After reviewing the transcript, we agree with the trial court's analysis:

> In this case, the [c]ourt's decision to not declare a mistrial based on statements made during the Commonwealth's closing argument was not an abuse of discretion. The assistant district attorney's comment that [Frantz] introduced [the victim] to the world of sex must be considered in its context, which includes analyzing the statement in light of arguments advanced by defense counsel in closing. The defense in this case was based essentially upon the notion that the Commonwealth could not prove, beyond a reasonable doubt, when any of the incidents occurred. The defense sought to portray [the victim] as "confused" and attempted to point out various inconsistencies in her testimony to show that her memories of the sexual activities with [Frantz], and her age at the time they occurred, were "a little bit off and little bit skewed." For instance, in an effort to show that [the victim]'s testimony and memory of the sex acts that occurred between her and [Frantz] was faulty, defense counsel stated the following in his closing argument:
>
>> [The victim] testified that [the father of her first child] was in and around at the time that all this was going on. So might some of these memories be confused with [the father] and what was going on … She got pregnant when she was 15 years old. [This other man was the father.] She didn't know it at the time. And, in fact, probably wasn't sure – probably wasn't sure about it, wasn't sure about it at the time of the complaint.

- 8 -

A fair reading of the Commonwealth's closing argument demonstrates that the district attorney, by stating that [Frantz] introduced the victim to the world of sex, was simply linking the facts and the law to explain how [Frantz] was, in fact, guilty of the charge of corruption of minors. The statement, considered in context, advanced the argument that [Frantz], being at least 18 years old corrupted the moral of a minor, [the victim], by repeatedly engaging in a variety of sexual acts with her over a two year period. The assistant district attorney's comments related to evidence which was elicited directly from the victim on direct examination and during cross-examination.

Additionally, the statement was a rebuttal to defense counsel's assertion that [the victim]'s memory of when the incidents occurred was skewed or that she could have been conflating sexual relations she had with …, the father of her first child, with those she had with [Frantz]. By stating that the evidence showed that [Frantz] introduced the victim to the world of sex by pointing out that the abuse started when [the victim] was just 14 years old and did not stop until she was pregnant at age 15, the assistant district attorney rebutted defense counsel's argument that the Commonwealth failed to prove beyond a reasonable doubt that [the victim] was less than 16 years old at the time she was repeatedly sexually abused by [Frantz].

Therefore, in the context of the argument as a whole, the challenged statements made by the Commonwealth during closing argument were not of the type of kind to have the unavoidable effect of prejudicing the jurors by forming in their minds a fixed bias or hostility against [Frantz] in such a manner as to have impeded their ability to weigh the evidence objectively and render a true verdict. … Moreover, the jury was properly instructed that the arguments of counsel were not evidence and that it was their task, and their task alone, to apply the law to the facts as they found them.

Trial Court Opinion, 8/17/2016, at 11-13. Frantz's second issue merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

- 9 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/24/2017