J-A12004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOEL MERCED-CASTELLA | |
| Appellant | No. 1071 WDA 2016 |

Appeal from the Judgment of Sentence Dated May 3, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008639-2015

BEFORE: OLSON, J., SOLANO, J., and RANSOM, J.

MEMORANDUM BY SOLANO, J.: **FILED OCTOBER 13, 2017**

Appellant, Joel Merced-Castella, appeals from the judgment of sentence imposed after a jury convicted him of involuntary deviate sexual intercourse ("IDSI"), unlawful contact with a minor, indecent assault of a person less than 13, corruption of minors, endangering the welfare of a child, and indecent assault of a person less than 16.[1]  Upon review, we affirm.

The trial court recounted the procedural history of this case as follows:

> [Appellant] was charged with [numerous sex-related offenses] in relation to a series of events which occurred between [Appellant] and his stepdaughter.  Following a jury trial held before this Court on January 13 and 14, 2016, [Appellant] was found guilty of all charges.  He appeared before this Court on April 5, 2016 and was sentenced to consecutive terms of

---

[1]18 Pa.C.S. §§ 3123(b), 6318(a)(1), 3126(a)(7), 6301(a)(1)(ii), 4304(a)(1), and 3126(a)(8), respectively.

imprisonment of 10-20 years each at the IDSI with a Child and Unlawful Contact with a Minor charges and three and one half (3½) to seven (7) years at the Corruption of Minors charge, for an aggregate 23½ to 47 years. Additionally, following a hearing on May 3, 2016, [Appellant] was found to be a Sexually Violent Predator. Timely post-sentence motions were filed and were denied on June 22, 2016. This appeal followed.

Trial Court Opinion, 11/30/16, at 1-2 (footnotes omitted).

Appellant presents two issues for review:

1. Is the imposition of the aggregate sentence of 23½ to 47 years in this case manifestly excessive, unreasonable, and an abuse of the sentencing court's discretion? Specifically, on two of the three charges for which [Appellant] was sentenced he received the maximum allowable sentence, and each were ordered to run consecutively. Did this result in a manifestly excessive sentence that is wholly unreasonable and not in conformity with the goal of individualized sentencing, or the Sentencing Code (42 Pa.C.S. § 9721(b)), instead evincing the goal of imposing the maximum sentence, and an undue emphasis on retribution, not rehabilitation?

2. Is the guilty verdict contrary to the weight of the evidence presented in that the 14 year old complainant testified that she had been locked in her room for 24 hours a day, that she was not permitted to speak to her brother or play games, and that she was punished by being forced to stare at a wall for hours, exercise excessively, and have no access to food? Moreover, as the detective work in this case was virtually non-existent, including a failure to verify the times when the complainant alleged she was alone with Appellant, ignoring the fact that the search for corroborating evidence in the computers in the home did not support the complainant's story, and a misinterpretation of the short discussion had with mother, should the guilty verdicts have shocked the conscience of the court?

Appellant's Brief at 9.

## Weight of the Evidence

We begin with Appellant's second issue, in which he assails the weight of the evidence. In considering this claim, we note that the finder of fact is the exclusive judge of the weight of the evidence, and is free to believe all, part, or none of the evidence presented, and to determine the credibility of the witnesses. *See Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003). As an appellate court, we cannot substitute our judgment for that of the finder of fact. *Id.* Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. *See Commonwealth v. Passmore*, 857 A.2d 697, 708 (Pa. Super. 2004). "A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict." *Commonwealth. v. Lyons*, 79 A.3d 1053, 1067 (Pa. 2013) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 751–52 (Pa. 2000)).

In support of his weight claim, Appellant argues that the evidence "consisted primarily of [the victim's] testimony . . . which is full of inconsistencies and other incongruities . . . [making] the guilty verdict manifestly unreasonable." Appellant's Brief at 40. Appellant specifically contends that the victim's "claims are fabricated." *Id.* at 40, 49. However, as noted by the Commonwealth, the uncorroborated testimony of a sexual assault victim, if believed, is sufficient to support a conviction.

Commonwealth Brief at 20, *citing Commonwealth v. Bishop*, 742 A.2d 178, 189 (Pa. Super. 1999). The trial court explained:

> After reviewing the record and the evidence . . . it cannot be said under any analysis that the testimony presented at trial was "so unreliable and/or contradictory as to make any verdict based thereon pure conjecture." *See Bowen*, [55 A.3d 1254, 1262 (Pa. Super. 2012)]. A review of the evidence as a whole clearly demonstrates [Appellant's] perpetration of the crimes. [The victim's] testimony was credible and the jury obviously credited it. [Appellant's] argument – that [the victim's] admitted displeasure with the household rules necessarily means that she fabricated the allegations to get [Appellant] out of the house – fails without question. Additional trial testimony revealed that [the victim's] mother supported [Appellant] and it was [the victim] who was removed from the home and placed in foster care. Given the evidence presented at trial and discussed above, there is no question that the verdict was appropriate and not "shocking" to the conscience.

Trial Ct. Op., 11/30/16, at 4-5.

Upon review, we discern no abuse of discretion by the trial court in rejecting Appellant's weight claim.

## Sentencing

In his remaining issue, Appellant challenges a discretionary aspect of his sentence, its length. "It is well-settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." *Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal is treated as a petition for allowance of appeal, as to which our review is discretionary. *Commonwealth v. Haynes*, 125 A.3d 800, 806-07 (Pa.

Super. 2015), *appeal denied*, 140 A.3d 12 (Pa. 2016). We will exercise our discretion to consider such a petition only if (1) the appellant has filed a timely notice of appeal; (2) he has preserved the sentencing issue at the time of sentencing or in a motion to reconsider and modify his sentence; (3) he presents the issue in a properly framed statement in his brief under Rule 2119(f) of the Rules of Appellate Procedure pursuant to *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987); and (4) in the words of Section 9781(b), "it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter." *See Haynes*, 125 A.3d at 807; *Commonwealth v. Zelinski*, 573 A.2d 569, 574-75 (Pa. Super. 1990), *appeal denied*, 593 A.2d 419 (Pa. 1990).

Instantly, Appellant filed a timely notice of appeal, preserved his claim that his sentence was excessive in both his preliminary and amended post-sentence motions, and included a proper Rule 2119(f) statement in his appellate brief. *See* Appellant's Notice of Appeal, 7/22/16; Preliminary Post–Sentence Motion, 4/14/16; Amended Post-Sentence Motion, 6/1/16; and Brief at 15-21. Consequently, we will determine whether Appellant has presented a substantial question that his sentence is inappropriate under the Sentencing Code.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). In determining whether a substantial question

exists, this Court does not examine the merits of the claim of excessiveness; rather, we look to whether the appellant has presented a plausible argument that the sentence, although within the permissible ranges set forth in the Sentencing Guidelines, 204 Pa. Code § 303 *et seq.*, is clearly unreasonable. ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013) (citation omitted), ***appeal denied***, 91 A.3d 161 (Pa. 2014). An appellant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the Sentencing Code or is contrary to the fundamental norms of the sentencing process. ***Id.*** at 1268. The Sentencing Code prescribes individualized sentencing by requiring the sentencing court to consider the protection of the public, the gravity of the offense in relation to its impact on the victim and the community, and the rehabilitative needs of the defendant, ***Commonwealth v. Swope***, 123 A.3d 333, 338 (Pa. Super. 2015) (citing 42 Pa.C.S. § 9721, and prohibiting a sentence without consideration of "the nature and circumstances of the crime[,] and the history, character, and condition of the defendant," 42 Pa.C.S. § 9725).

Appellant argues that his sentence is unreasonable because "it keeps him under supervision until he is 81 years old." Appellant's Brief at 13. Appellant further asserts that the trial court failed to consider his need for rehabilitation and imposed a sentence of "retribution against [A]ppellant because of the nature of the charges and the fact that [he] refused to enter a guilty plea." ***Id.*** Appellant states that the trial court "came to the bench

with the fixed purpose of imposing the longest sentence possible on [Appellant,]" noting that "two of his three sentences" are the maximum sentences permitted under the Sentencing Code. *Id.* at 36. Appellant's argument raises a substantial question. *See Commonwealth v. Luketic*, 162 A.3d 1149, 1162 (Pa. Super. 2017) (a substantial question was raised where appellant argued that the court failed to impose an individualized sentence and determined his sentence prior to the sentencing hearing, thereby violating the fundamental norm that his sentence be individualized).

In reviewing the merits of sentencing issue, we recognize our standard of review:

> "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Bricker*, 41 A.3d 872, 875 (Pa. Super. 2012) (citation omitted). "In order to establish that the sentencing court abused its discretion, [the defendant] must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Williams*, 69 A.3d [735,] 741 (Pa. Super. 2013) (quotation marks and citation omitted). "The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Id.* at 740 (quotation marks and citation omitted). To determine whether the trial court made the proper considerations during sentencing, "an appellate court must, of necessity, review all of the judge's comments." *Commonwealth v. Bethea*, 474 Pa. 571, 379 A.2d 102, 106 (1977); *see also Commonwealth v. Ritchey*, 779 A.2d 1183, 1187 (Pa. Super. 2001) ("As this Court has stated, the judge's statement must clearly show that he has given individualized consideration to the

character of the defendant" (quotation marks and citation omitted)).

***Luketic***, 162 A.3d at 1162-1163.

Citing ***Commonwealth v. Coulverson***, 34 A.3d 135 (Pa. Super. 2011), Appellant first argues that the court's "intense focus on the crime's impact on the victim to the exclusion of all other factors was error." Appellant's Brief at 29. We disagree with Appellant's premise that the trial court failed to consider all appropriate factors.

This Court in ***Coulverson*** vacated a sentence where "the record reveals scant consideration of anything other than victim impact and the court's impulse for retribution on the victims' behalf." 34 A.3d at 148. However, it also recognized "that individualized sentencing remains the controlling norm of the sentencing process and that a sentence befitting one defendant may not befit another." ***Id.*** at 147.

Here, the court said that it "read and considered" Appellant's presentence report. N.T., 4/5/16, at 2. Our established case law, as stated by the Supreme Court, provides:

> A pre-sentence report constitutes the record and speaks for itself. . . . we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.

***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988); ***see also***

***Commonwealth v. Rhoades***, 8 A.3d 912, 919 (Pa. Super. 2010) (where

the court had the benefit of a pre-sentence investigation report, we can assume it was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors), *appeal denied*, 25 A.3d 328 (Pa. 2011); *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) (where a court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and where the court has been so informed, its discretion should not be disturbed).

In addition, the court heard from five individuals who testified on Appellant's behalf: the mother of Appellant's daughter, Appellant's brother, Appellant's daughter, Appellant's wife, and Appellant. The court also heard from the victim before rendering Appellant's sentence. The court then stated:

> [Appellant,] your victim was a young lady approximately 13 at least during some of these abuses. I don't think it makes much of a difference to me that it was only two years and not five years. I think the victim is probably telling the truth [that it was five years].
>
> She was your step-daughter. You violated a position of trust. You heard her impact statement. You have not only sexually assaulted her. You have torn her away from her family so that she is in now foster care. **And significantly, you have a prior arrest and conviction for sexual assault**.
>
> **Your criminal record started in the year 2000 and involved some guns as well as sexual assault. I find that you are certainly a danger to the community. You are not amenable to county supervision**.

N.T., 4/5/16, at 13-14 (emphasis added).  Although brief, the above commentary indicates that the court did in fact consider Appellant's character, his amenability to rehabilitation and the protection of the public – as well as the gravity of the offense in relation to its impact on the victim. "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa. Super. 2010), ***appeal denied***, 13 A.3d 475 (Pa. 2010).  The record demonstrates that the trial court considered the appropriate factors here.

Appellant's next contention is that the court improperly considered his rejection of a plea offer in imposing Appellant's sentence.  The record at sentencing reveals the following exchange immediately preceding the excerpt quoted above:

> [THE COMMONWEALTH]:  Your Honor, we would ask that you apply the mandatory in this case because of the prior conviction and the conviction in the current case before you.
>
> THE COURT:     Okay.  And I just need to do a few housekeeping things.  We are going to have a hearing to determine whether or not the defendant is a sexually violent predator sometime I think in May.
>
> [THE COMMONWEALTH]:     May 3 I believe is the date we have picked, Your Honor.
>
> THE COURT:     And this is not a case that is eligible for RRRI. **There was an offer prior to trial of not less than ten nor**

> **more than 20 years with a waiver of the 25-year mandatory, which the defendant declined. That's on the record, but I don't know what date that was.**
>
> So, [Appellant], your victim was a young lady approximately 13 at least . . .

N.T., 4/5/16, at 13 (emphasis added).

The above exchange, in which the trial court references Appellant's foregone plea offer, does not demonstrate that Appellant's rejection of the offer was a factor considered by the court. Appellant cites *Commonwealth v. Bethea*, 379 A.2d 102, 104 (Pa. 1977), for the proposition that a defendant "cannot be punished by a more severe sentence because he unsuccessfully exercised his constitutional right to stand trial rather than plead guilty." In response, the Commonwealth states that the "language of the *Bethea* decision is very broad" and "commends to the Court the question of whether the judge's remarks here are sufficient to indicate 'reliance,' in whole or in part, on [A]ppellant's rejection of the plea offer[.]" Commonwealth Brief at 18.

In *Bethea*, the sentencing court stated its consideration of the defendant's decision to forego a plea, saying to the defendant:

> If you had pled guilty, perhaps you were involved, there is no question in my mind, but had you pled guilty it might have shown me the right side of your attitude about this, but you pled not guilty, fought it all the way, and the jury found you guilty, and I'm going to sentence you at this time.

379 A.2d at 105-06. Conversely, in the case before us, the sentencing court merely referenced the plea as one of "a few housekeeping things," along

with setting the date for Appellant's SVP hearing, prior to imposing Appellant's sentence.

Appellant asserts that the court's comment was "tantamount to imposing a penalty for the exercise of a right to a jury trial." Appellant's Brief at 34. We disagree. In vacating the sentence at issue in **Bethea**, the Supreme Court explained:

> [T]he correct inquiry in a case such as this is not whether the trial court considered legitimate factors in fixing sentence, but whether it considered *only* such factors. This is so because any increase in sentence which results from a defendant's decision to put the state to its proof puts a price upon the exercise of a fundamental constitutional right, and hence is unjustified. Thus, a sentence based in part on an impermissible consideration is not made proper simply because the sentencing judge considers other permissible factors as well.
>
> In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; **it is sufficient to render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor**.
>
> Applying the above principles to the case at bar, we are persuaded that appellant's sentences must be vacated. A fair reading of the trial court's remarks prior to the imposition of sentence . . . indicates that the judge may have been influenced by the fact that appellant chose to stand trial rather than plead guilty, with a possible resultant augmentation of the sentences imposed.

**Bethea**, 379 A.2d at 106–107 (emphasis added). Consistent with the foregoing, "a fair reading" of the court's remarks in this case does not

indicate that the court "may have been influenced by the fact" that Appellant rejected a plea offer. Nor does it "reasonably appear" that the trial court relied on Appellant's rejection of a plea as a factor in imposing Appellant's sentence. Accordingly, we are not persuaded that Appellant is entitled to relief under **Bethea**, and therefore affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judge Ransom joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/13/2017</u>