Commonwealth *v.* Hill, Appellant.

Argued September 19, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Morris H. Wolff,* with him *Stassen, Kostos and Mason,* for appellant.

*Norris Gelman,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY PACKEL, J., November 16, 1972:

The appellant claims a trial and a sentencing error. At trial, the assistant district attorney asked the defendant on cross-examination whether there had not been a damaging statement made in another trial. In fact there had been no such damaging statement. Although the question was manifestly improper,[1] the witness denied that there was such a statement, counsel informed the court that there was no such statement and the court, as the finder of fact, indicated that it put no reliance on the existence of such a statement. Therefore, this is not a case where the testimony relating to improper cross-examination causes the factfinder to be misled.[2]

Sentencing error is claimed because two co-defendants, previously tried and sentenced by another judge, received sentences of four to 23 months in contrast to appellant's sentence of one to five years. Contrary to appellant's claim, this case is not one in which there is inequality of sentence or the imposition of a high

---

[1] Cross-examination is misleading if it makes an assumption which is contrary to fact. *DiBona v. PTC,* 356 Pa. 204, 51 A. 2d 768 (1947); *Commonwealth v. Ross,* 190 Pa. Superior Ct. 145, 152 A. 2d 778 (1959); *Seligson v. Young,* 189 Pa. Superior Ct. 510, 151 A. 2d 792 (1959).

[2] See *Schneble v. Florida,* 405 U.S. 427, 92 S. Ct. 1056 (1972).

sentence, based exclusively on the defendant's refusal to admit his guilt.[3] It is true that the judge stated: "This Court feels very strongly that the first step, if rehabilitation is ever to take place, is a recognition into the seriousness of the offense, for without some insight into the act there can never be any rehabilitation in this Court's opinion." As the court pointed out, however, it reviewed all the appropriate factors going into the sentencing process, including the appellant's prior record.

Judgment of sentence affirmed.

---

[3] Appellant relies on *Scott v. United States*, 419 F. 2d 264 (D.C. Cir. 1969) ; *Thomas v. United States*, 368 F. 2d 941 (5th Cir. 1966).