379 A.2d 102

**COMMONWEALTH of Pennsylvania**

v.

**Gerald BETHEA, Appellant.**

Supreme Court of Pennsylvania.

Argued May 27, 1977.

Decided Oct. 28, 1977.

572

Joshua D. Lock, Public Defender, Marilyn C. Zilli, Asst. Public Defender, Harrisburg, for appellant.

LeRoy S. Zimmerman, Dist. Atty., Marion E. MacIntyre, Second Asst. Dist. Atty., Reid H. Weingarten, Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

Gerald Bethea, the appellant, was convicted by a jury of aggravated robbery, assault with intent to maim, and unlawfully carrying a firearm. No post-verdict motions were filed, and appellant was sentenced to concurrent prison terms of, respectively, ten to twenty years, two and one-half to five years, and one and one-half to three years. The Superior Court affirmed the judgments of sentence. *Commonwealth v. Bethea,* 243 Pa.Super. 494, 366 A.2d 262 (1976).[1] This Court then granted appellant's petition for allowance of appeal.[2] For the reasons hereinafter indicated, we vacate the judgments of sentence and remand the case for resentencing.

[1]. Judges Hoffman and Spaeth filed separate dissenting opinions, each joining in the opinion of the other.

[2]. *See* Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, Art. II, § 204(a), 17 P.S. § 211.204(a) (Supp.1976–1977).

## I.

The first issue presented in this appeal is whether a trial court may properly consider a defendant's decision to stand trial as a factor justifying the imposition of a more severe sentence than would have been imposed had the defendant pleaded guilty. In *Commonwealth v. Staley,* 229 Pa.Super. 322, 324 A.2d 393 (1974), the Superior Court decided this question in the negative.[3] The appellant asserts that by its present decision the Superior Court failed to adhere to *Staley,* an error we are asked to correct.

In *Commonwealth v. Staley, supra,* the Superior Court vacated a sentence and remanded for resentencing on the ground that the trial judge had indicated in his pre-sentence comments that he was going to impose a harsher penalty because the defendant had chosen to stand trial rather than plead guilty.[4] Quoting from *Baker v. United States,* 412 F.2d 1069, 1073 (5th Cir. 1969), the court in *Staley* observed:

**3.** Accord, *United States v. Araujo,* 539 F.2d 287 (2d Cir. 1976); *United States v. Capriola,* 537 F.2d 319 (9th Cir. 1976); *United States v. Rauhoff,* 525 F.2d 1170 (7th Cir. 1975); *United States v. Derrick,* 519 F.2d 1 (6th Cir. 1975); *Hess v. United States,* 496 F.2d 936 (8th Cir. 1974); *United States v. Duffy,* 479 F.2d 1038 (2d Cir.), cert. denied, 414 U.S. 978, 94 S.Ct. 299, 38 L.Ed.2d 221 (1973); *United States v. Jansen,* 475 F.2d 312 (7th Cir.), cert. denied, 414 U.S. 826, 94 S.Ct. 130, 38 L.Ed.2d 59 (1973); *United States v. Stockwell,* 472 F.2d 1186 (9th Cir.), cert. denied, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973); *United States v. Hopkins,* 150 U.S.App.D.C. 307, 464 F.2d 816 (1972); *Baker v. United States,* 412 F.2d 1069 (5th Cir. 1969); *United States v. Wiley,* 278 F.2d 500 (7th Cir. 1960); *People v. Moriarty,* 25 Ill.2d 565, 185 N.E.2d 688 (1962); *State v. Nichols,* Iowa, 247 N.W.2d 249 (1976); *Johnson v. State,* 274 Md. 536, 336 A.2d 113 (1975). See also *United States v. Jackson,* 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968); *United States v. Wright,* 533 F.2d 214 (5th Cir. 1976); *Poteet v. Fauver,* 517 F.2d 393 (3d Cir. 1975); *United States v. Floyd,* 496 F.2d 982 (2d Cir. 1974); *United States v. Marzette,* 485 F.2d 207 (8th Cir. 1973); *United States v. Thompson,* 476 F.2d 1196 (7th Cir.), cert. denied, 414 U.S. 918, 94 S.Ct. 214, 38 L.Ed.2d 154 (1973); *United States v. Lehman,* 468 F.2d 93 (7th Cir. 1972); *Scott v. United States,* 135 U.S.App.D.C. 377, 419 F.2d 264 (1969); *Thomas v. United States,* 368 F.2d 941 (5th Cir. 1966); *United States v. Martell,* 335 F.2d 764 (4th Cir. 1964); *Letters v. Commonwealth,* 346 Mass. 403, 193 N.E.2d 578 (1963).

**4.** The trial judge's statement was as follows:

" 'An accused cannot be punished by a more severe sentence because he unsuccessfully exercised his constitutional right to stand trial rather than plead guilty. *See Thomas v. United States,* 368 F.2d 941 (5th Cir. 1966); *United States v. Martell,* 335 F.2d 764 (4th Cir. 1964); *United States v. Wiley,* 278 F.2d 500 (7th Cir. 1960).' " *Commonwealth v. Staley, supra,* 229 Pa.Super. at 324, 324 A.2d at 395.

The *Staley* opinion went on to declare that although "a plea of guilty may be a proper factor for a judge to consider in deciding whether to give a more lenient sentence . . . [a] plea of not guilty or a demand for a jury trial are not factors that a judge should consider in deciding whether to give a more severe sentence." *Id.* 229 Pa.Super. at 324, 324 A.2d at 395.

We believe the *Staley* principle that a demand for a jury trial is not a factor which warrants escalating the severity of a sentence is sound.[5] That principle is premised primarily upon the rationale that the right to a trial by jury is a fundamental one, constitutionally guaranteed to all criminal defendants,[6] and that a practice which exacts a

"THE COURT: [addressing counsel for the defendant] . . . I am aware that Judge Williams gave him only eighteen months minimum to five years. On the other hand, that was a guilty plea. This was a trial. I am disposed to give him a larger minimum in this case because it was a trial. Do you understand?" *Commonwealth v. Staley, supra* 229 Pa.Super. at 324, 324 A.2d at 394.

5. We have no occasion in this case to address the converse holding in *Staley* that a plea of guilty may in a proper case be considered as a mitigating factor in imposing sentence, and express no opinion concerning it. *See* ABA Standards, Pleas of Guilty (Approved Draft, 1968) Sec. 1.8(a); *Scott v. United States,* 135 U.S.App.D.C. 377, 389, 419 A.2d 264, 276 (1969).

6. U.S.Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ."); Pa.Const. art. I, § 6 ("Trial by jury shall be as heretofore, and the right thereof remain inviolate."); § 9 ("In all criminal prosecutions the accused hath a right to . . . a speedy public trial by an impartial jury of the vicinage . . . ."). The Sixth Amendment right to trial by jury was held applicable to the States through the Fourteenth Amendment in *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

In the instant case, appellant was convicted following a trial by jury. Our holding today, and the reasoning upon which it is based, is

penalty for the exercise of the right is without justification and unconstitutional.[7] The price exacted by imposing a harsher sentence on one who chooses to put the state to its proof by a jury trial rather than plead guilty is obvious. Not only is the individual defendant penalized for the present exercise of his constitutional right but, should the practice become sufficiently well known within a given jurisdiction, a substantial chilling effect on the exercise of the right would inevitably ensue.

Although a practice which burdens the exercise of a fundamental constitutional right sometimes may be justified upon a showing that a compelling state interest, incapable of achievement in some less restrictive fashion, outweighs the interest protected by the right, see, e.g., *United States v. Jackson*, 390 U.S. 570, 581–84, 88 S.Ct. 1209, 20 L.Ed.2d 138, 147–48 (1968); *Scott v. United States*, 135 U.S.App.D.C. 377, 382–384, 419 F.2d 264, 269–71 (1969), the Commonwealth here does not contend that the imposition of a more severe sentence on a defendant who chooses to stand trial rather than plead guilty fosters such a compelling interest, and in fact, appears to concede the validity of *Staley. See* Brief for Appellee at 9. Nor do we perceive any state interest which would justify the substantial infringement of a defendant's right to trial by jury which results from the practice of imposing harsher penalties on those who choose

equally applicable to cases in which an accused elects to put the state to its proof by trial without a jury. In either situation, the Commonwealth is constitutionally required to prove at a trial that a defendant is guilty beyond a reasonable doubt, *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); whether the trial be with or without a jury, to penalize a defendant for insisting that the state meet this burden would be an unconstitutional deprivation of due process of law.

7. *See* cases cited in note 3, *supra.* In addition to infringing an accused's right to trial by jury, the practice of penalizing a defendant by imposing a more severe sentence for the refusal to plead guilty or to admit guilt following trial and conviction may, in certain circumstances, violate the Fifth Amendment right against self-incrimination. See *United States v. Wright*, 533 F.2d 214 (5th Cir. 1976); *Scott v. United States*, 135 U.S.App.D.C. 377, 419 F.2d 264 (1969); *Thomas v. United States*, 368 F.2d 941 (5th Cir. 1966).

to stand trial.[8]   Accordingly, we reaffirm the Superior Court's holding in *Commonwealth v. Staley* that it is constitutionally impermissible for a trial court to impose a more severe sentence because a defendant has chosen to stand trial rather than plead guilty.[9]

8.   Typically, it is argued that a guilty plea indicates a first step toward rehabilitation and, conversely, that a refusal to plead guilty indicates a lack of remorse and repentance.   Indeed, in the instant case, the trial court stated, " . . . had you pled guilty, it might have shown me the right side of your attitude about this, but you pled not guilty, fought it all the way . . ." *See* p. 106, *infra.* Judge David Bazelon, speaking for the Court of Appeals for the District of Columbia, has suggested the shortcomings of these contentions:

"Repentance has a role in penology.   But the premise of our criminal jurisprudence has always been that the time for repentance comes after trial.   The adversary process is a fact-finding engine, not a drama of contrition in which a prejudged defendant is expected to knit up his lacerated bonds to society.

"There is a tension between the right of the accused to assert his innocence and the interest of society in his repentance.   But we could consider resolving this conflict in favor of the latter interest only if the trial offered an unparalleled opportunity to test the repentance of the accused.   It does not.   There is other, and better, evidence of such repentance.   The sort of information collected in presentence reports provides a far more finely brushed portrait of the man than do a few hours or days at trial.   And the offender while on probation or in prison after trial can demonstrate his insight into his problems far better than at trial.

"If the defendant were unaware that a proper display of remorse might affect his sentence, his willingness to admit the crime might offer the sentencing judge some guidance.   But with the inducement of a lighter sentence dangled before him, the sincerity of any cries of *mea culpa* becomes questionable.   Moreover, the refusal of a defendant to plead guilty is not necessarily indicative of a lack of repentance.   A man may regret his crime but wish desperately to avoid the stigma of a criminal conviction.[33]

"[33] In fact, a colorable argument can be made that a glib willingness to admit guilt in order to 'secure something in return' may indicate quite the opposite of repentance, and that a reluctance to admit guilt may in fact reflect repentance.   *See Altschuler,* The Prosecutor's Role in Plea Bargaining, 36 U.Chi.L.Rev. 50, 57 n. 24 (1968)." *Scott v. United States,* 135 U.S.App.D.C. 377, 419 F.2d 264, 270–71 (1969).

9.   Our holding today is in accord with those federal and state courts which have addressed the issue, *see* cases cited in note 3, *supra,* as well as the views expressed in section 1.8(b) of the ABA Standards, Pleas of Guilty (Approved Draft, 1968).   That section provides as follows:

## II.

■ It remains to determine whether the learned trial judge in this case penalized appellant by consideration of appellant's decision to stand trial. The source of the dispute is the italicized portion of the following statements made by the judge prior to the imposition of sentence:

"THE COURT: Well Gerald, it's a great shame, but you are going to learn in life that you have a responsibility for your actions, and it is not only your interests that have to be taken into account but it is the interest of the community. This was, as I say, an aggravated crime. As far as I'm concerned, even though it is your first offense I think substantial punishment must be inflicted here. *If you had pled guilty, perhaps you were involved, there is no question in my mind, but had you pled guilty it might have shown me the right side of your attitude about this, but you pled not guilty, fought it all the way, and the jury found you guilty, and I'm going to sentence you at this time.*

"The sentence of the Court is that the defendant pay the cost of prosecution and that he undergo imprisonment in a state institution for a period of not less than ten nor more than twenty years to begin and be computed from January 27, 1973. That's in No. 236 Criminal Division 1973." [10] (Emphasis added.)

> "(b) The court should not impose upon a defendant any sentence in excess of that which would be justified by any of the rehabilitative, protective, deterrent or other purposes of the criminal law because the defendant has chosen to require the prosecution to prove his guilt at trial rather than to enter a plea of guilty or nolo contendere."

10. The sentences in the related crimes were administered as follows by the trial court:

> "In No. 237 Criminal Division 1973 where the defendant was convicted of assault with intent to maim, we direct that he pay the cost of prosecution and that he undergo imprisonment for a period of two and a half to five years, said sentence to be concurrent with the sentence already imposed in 236 Criminal Division 1973.
>
> "In No. 238 Criminal Division 1973 where the defendant was convicted of unlawful carrying of firearms, I think the penalty there is three years, is it not?
> MR. DILS: Yes, Your Honor.

In his appeal to the Superior Court, appellant relied heavily on *Commonwealth v. Staley, supra.* The majority opinion in the Superior Court distinguished *Staley* on the ground that, unlike the trial judge in *Staley,* the trial judge in the case at bar did not base the sentence exclusively on appellant's failure to plead guilty, but rather "based the sentence on the violent nature of the crime and the fact that appellant had shown no remorse." [11] *Commonwealth v. Bethea, supra,* 243 Pa.Super. at 500, 366 A.2d at 265. We agree with the Superior Court in this distinction, but the correct inquiry in a case such as this is not whether the trial court con-

MR. SEDOR: Yes, Your Honor.

THE COURT: The sentence of the Court is that the defendant undergo imprisonment in a state institution for a period not less than one and a half nor more than three years to run concurrent with the sentence imposed in No. 236 Criminal Division 1973."

The court concluded its sentencing with the following further explanation:

"Now, Gerald, you could have received a sentence of fourteen to twenty-eight years in this crime. I have sentenced you to ten to twenty. I didn't give you the maximum because of your age and the fact that you had a good prior record, but because of the seriousness of this crime and the ever present threat of robberies in this city, which have been occurring here for several years, we are going to serve notice by this case that that sort of thing isn't going to be tolerated."

11. This reasoning is analogous to that followed in *Commonwealth v. Hill,* 223 Pa.Super. 42, 296 A.2d 860 (1972), which was cited and discussed in the Superior Court's decision below. Writing for a unanimous court in *Hill,* Judge (now Justice) Packel observed:

"Contrary to appellant's claim, this case is not one in which there is inequality of sentence or the imposition of a high sentence, based exclusively on the defendant's refusal to admit his guilt. It is true that the judge stated: 'This Court feels very strongly that the first step, if rehabilitation is ever to take place, is a recognition into the seriousness of the offense, for without some insight into the act there can never be any rehabilitation in this Court's opinion.' As the court pointed out, however, it reviewed all the appropriate factors going into the sentencing process, including the appellant's prior record." *Id.* 223 Pa.Super. at 43–44, 296 A.2d at 861 (footnote omitted).

We express no view as to whether or not the trial court's remarks, quoted in *Hill, supra,* indicate that it may have based the sentence imposed in part on the appellant's refusal to admit guilt or plead guilty. To the extent, however, that *Hill* holds that a sentence is valid so long as it is not based *exclusively* on an accused's decision not to plead guilty, we disagree. *See* discussion in text *infra.*

sidered legitimate factors in fixing sentence, but whether it considered only such factors. This is so because any increase in sentence which results from a defendant's decision to put the state to its proof puts a price upon the exercise of a fundamental constitutional right, and hence is unjustified. Thus, a sentence based in part on an impermissible consideration is not made proper simply because the sentencing judge considers other permissible factors as well.

In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor.

Applying the above principles to the case at bar, we are persuaded that appellant's sentences must be vacated. A fair reading of the trial court's remarks prior to the imposition of sentence, see pages 105–106, supra, indicates that the judge may have been influenced by the fact that appellant chose to stand trial rather than plead guilty, with a possible resultant augmentation of the sentences imposed. Accordingly, we conclude that appellant's sentences must be vacated and the cause remanded for resentencing.

The order of the Superior Court is vacated, the judgments of sentence are vacated, and the case is remanded for resentencing consistent with this opinion.

MANDERINO, J., filed a concurring opinion.

EAGEN, C. J., dissents and would affirm the judgments of sentence.

MANDERINO, Justice, concurring.

I agree with the majority that an accused cannot be punished by a more severe sentence because he chose to

exercise his constitutional right to stand trial rather than plead guilty. Here, the majority concluded that the sentencing judge *may* have been improperly influenced by appellant's choice to stand trial rather than plead guilty. The record, however, clearly reveals that the judge *was* so influenced. Our constitutional duty is thus to take the unequivocal position that the sentence imposed here *is inappropriate.* We give no realistic protection to a person's constitutional right to stand trial before his peers when we tell sentencing judges that their sentences *may* have been proper ones even though they imposed a harsher sentence than would have been imposed had the appellant pleaded guilty.

Although the majority does not reach the issue, it makes no sense to suggest that a refusal to plead guilty and stand trial may not be considered as a factor in sentencing a defendant, but a guilty plea could be considered by a sentencing judge as a mitigating factor in a proper case. The chilling effect is the same in either situation; an accused who believes he can get a lighter sentence by pleading guilty will eschew his right to a trial by jury and enter a guilty plea. Moreover, it seems incongruous to suggest that a judge may not penalize an accused for not pleading guilty, but can reward the accused for pleading guilty. The ABA Standards noted in the majority opinion at footnote 5, *supra,* not only defy logic but also place an impermissible chill on the exercise of the right to trial by jury.