J-A34003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MICHAEL B. DEPUGH | |
| Appellant | No. 686 MDA 2015 |

Appeal from the Judgment of Sentence March 6, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001456-2014

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED FEBRUARY 17, 2016**

Appellant, Michael B. DePugh, appeals from the judgment of sentence entered after a jury convicted him of theft by unlawful taking. DePugh argues that the evidence at trial was insufficient to establish that he stole any money, and further that the trial court erred in holding his decision to take this case to trial against him in imposing sentence. After careful review, we affirm.

In late 2013, the Commonwealth charged DePugh with stealing money from change machines at the car wash where he was employed as a maintenance man. We summarize the evidence presented at the jury trial that commenced on March 4, 2015, as follows.

The car wash was operated by Monica Massey. She testified that the automated car wash ran on quarters, so customers would insert paper

money into a change machine on site and then proceed to use the dispensed quarters to operate the car wash. The change machine held $1,400 worth of quarters and was emptied on Tuesday and Friday every week. In essence, the quarters simply recycled between the automated car wash machines and the change machines, with the paper money in the machines being taken as revenue.

In the early summer of 2013, Massey noticed that the quarters were being depleted, requiring her to go to the bank to buy more quarters. Over the course of the summer, she had to purchase quarters several times, amounting to over $3,500 in purchases. However, there was no evidence that anyone had damaged the change machines or broken into them.

Suspecting theft, Massey installed security cameras around the car wash. On September 22, 2013, the cameras recorded DePugh at the carwash almost 40 minutes before his shift began on a Saturday morning. Massey watched the recordings as DePugh approached a bookshelf in the office where the keys to the change machines were kept. Nearly 30 minutes later, the recordings revealed DePugh reaching into the back of the change machines.

Armed with the videos, Massey confronted DePugh with her suspicions. DePugh conceded that he had stolen $120. When Massey explained that thousands of dollars had gone missing, DePugh replied that he had needed money to pay rent and support his family. After Massey confronted DePugh,

the loss of quarters stopped, and the recycling of quarters between the machines continued unimpaired.

After hearing the evidence, the jury convicted DePugh of misdemeanor theft by unlawful taking, and the trial court sentenced him to a period of incarceration of 6 to 23 months. DePugh filed post-sentence motions that the trial court denied. This timely appeal followed.

On appeal, DePugh raises two issues. First, he argues that the evidence at trial was insufficient to support his conviction.

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a

> verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

At trial, the Commonwealth had the burden of proving, beyond a reasonable doubt, that DePugh had unlawfully taken, or exercised unlawful control over, the quarters used at the car wash. *See* 18 Pa.C.S.A. § 3921(a). Furthermore, "[t]he Commonwealth is not required to establish the *precise* market value of the stolen property. Rather, the Commonwealth must present evidence from which a reasonable jury may conclude that the market value was *at least* a certain amount." *Commonwealth v. Hanes*, 522 A.2d 622, 626 (Pa. Super. 1987).

DePugh argues that there is no evidence that he stole anything from the car wash, and further, that there is no evidence of the amount stolen. However, Massey testified that under normal operations, the quarters only needed to be transferred from the automated car wash machines back to the change machines. *See* N.T., Trial, 6/5/15, at 30-31. The quarters were essentially recycled internally in the business, and only the bills needed to be removed for revenue purposes; the number of quarters in the automated machines stayed constant. *See id*., at 30-31.

However, this normal scenario changed in the summer of 2013, when the number of quarters recovered from the automated machines dipped precipitously. *See id*., at 33. Massey estimated that normally, around $1,500 in quarters would be removed from the machines. *See id*. That

summer, it would only be $100 or $200 in quarters. *See id*. As a result, she was forced to buy quarters three separate times that summer, totaling $3,600. *See id*., at 34.

Suspecting theft, Massey installed cameras at the business. *See id*., at 44. After observing DePugh act suspiciously on the recordings, Massey confronted DePugh, accusing him of theft. *See id*., at 66-67. Eventually, DePugh admitted to stealing $120 "this time." *Id*., at 67.

Viewing this evidence in the light most favorable to the Commonwealth, as the verdict winner, we conclude that it easily supports the jury's verdict that DePugh had stolen over $3,000 from the car wash. DePugh's first argument merits no relief.

In his second argument on appeal, DePugh contends that the trial court erred in penalizing him during sentencing for his decision to take this case to trial. In determining whether a sentencing court considered impermissible factors in imposing sentencing, we review the entirety of the court's comments. *See Commonwealth v. Bethea*, 379 A.2d 102, 106-107 (Pa. 1977). If it reasonably appears from the record that the sentencing court relied upon an impermissible factor, we will remand for resentencing. *See id*. DePugh is correct in noting that such an action would be illegal. *See id*., at 104. However, we have no difficulty in concluding that this did not happen here.

DePugh focuses on one comment during sentencing:

> Mr. Depugh, again you elected to take a trial by jury, which is your right, of course, obviously, but it was a case where the evidence was rather substantial against you, rather overwhelming. But nevertheless, you exercised your right and the jury has found you guilty.
>
> With the prior thefts, I believe a sentence in Dauphin County Prison is appropriate. I will make you eligible for work release. I have no problem with that.

N.T., Sentencing, 6/5/15, at 180. While the trial court mentions DePugh's election of trial by jury, it did not indicate that this was a factor in sentencing. It is arguable *in extremis* that the sentencing court considered his decision not to plead guilty while sentencing. However, the more reasonable reading of the proceeding is that the court was concerned with DePugh's failure to accept responsibility for his crimes. This is an appropriate factor to consider during sentencing. ***See Commonwealth v. Gonzalez***, 109 A.3d 711, 732 (Pa. Super. 2015).

Furthermore, the only factor the court explicitly noted as impacting its decision was the fact of DePugh's prior convictions. Finally, DePugh concedes that the sentence imposed was in the standard range of the guidelines. ***See*** Appellant's Brief, at 18. Under these circumstances, we conclude that the trial court did not consider an impermissible factor in imposing sentence on DePugh.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/17/2016