J-A14020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID DOMINGUEZ SANCHEZ | : | |
| | : | |
| Appellant | : | No. 2617 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 25, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002797-2020

BEFORE: PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.: **FILED AUGUST 15, 2023**

Appellant, David Dominguez Sanchez, appeals from the Judgment of Sentence entered in the Chester County Court of Common Pleas following his conviction of numerous offenses related to his sexual assault of a minor. Appellant challenges an evidentiary ruling, the weight of the evidence, and several aspects of his sentencing. After careful review, we remand for a new sentencing hearing. In all other respects, we affirm.

The relevant facts and procedural history are as follows. Appellant sexually abused his minor stepdaughter over a period of 6 years until she disclosed the abuse to family members. The Commonwealth charged Appellant with 11 counts related to this abuse, including Rape of a Child,

Aggravated Indecent Assault of a Child, and Involuntary Deviate Sexual Intercourse with a Child.[1]

Relevant to this appeal, the Commonwealth notified Appellant's counsel prior to trial that it planned to present the testimony of the victim's mother regarding her conversation with Appellant that occurred following her daughter's disclosure, specifically that Appellant had told the victim's mother to believe what her daughter told her.

During Appellant's two-day trial, the jury heard testimony from the victim, the victim's mother, and other witnesses to the abuse. As expected, the victim's mother testified that Appellant had told her to believe the victim about the accusations. In addition, she testified that Appellant remained silent when she asked him if the allegations were true. Defense counsel objected to the testimony about Appellant's silence and immediately requested a sidebar at which he moved for mistrial. Defense counsel argued at sidebar that "the witness just essentially said that the defendant admitted to his conduct" and that counsel was not notified about this "admission of guilt." N.T. Trial, 10/19/21, at 144. The trial court overruled this objection.

On October 21, 2021, the jury found Appellant guilty of all charges. The court ordered an assessment from the Sexual Offender Assessment Board and deferred sentencing.

---

[1] 18 Pa.C.S. § 1321(c), § 3125(b), and § 3123(b), respectively.

On March 24, 2022, the court found that Appellant met the criteria to be designated a sexually violent predator and proceeded to sentencing. The judge explained various factors he considered in fashioning Appellant's sentence, including the impact on the victim. The court opined that because Appellant had chosen to go to trial, he thereby forced the victim to relive her abuse through her testimony. The court emphasized that "[t]he defendant here did not plead guilty or in any way seek to spare further anguish or embarrassment [of] a young woman victim, but made her testify and forced her to relive the assault, not only in her mind, but in front of about 25 people . . . ." N.T. Sentencing, 3/24/22, 49. The court then imposed an aggregate sentence of 40 to 80 years' incarceration.[2]

Appellant filed a post-sentence motion, which the court denied.

Appellant timely appealed. Both Appellant and the Trial Court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the trial court err in denying motion for mistrial when Commonwealth witness testified she asked Appellant if he did what he was accused of and in response Appellant remained silent?

2. Was the weight of the evidence contrary to the jury's verdict on all charges?

3. Did the court abuse its discretion at sentencing by improperly considering whether Appellant exercised his right to a jury trial?

---

[2] Appellant's individual sentences each fall within the standard range of the sentencing guidelines.

4. Did the court abuse its discretion in imposing an aggregate sentence of forty (40) to eighty (80) years' confinement a sentence which is "unlikely to end during the defendant's natural life span or [will] perpetually subject [the defendant] to the discretion of the Board of Probation and Parole"?

5. Did the court abuse its discretion in imposing an aggregate sentence of forty (40) to eighty (80) years' confinement which was manifestly excessive?

Appellant's Br. at 5.

## I. Witness Testimony

In his first issue, Appellant argues that the trial court should have granted a mistrial when victim's mother, a witness for the Commonwealth, testified that Appellant remained silent after she asked Appellant if the allegations were true. Appellant's Br. at 19. Appellant characterizes this testimony as demonstrating Appellant's "tacit admission" of guilt and argues he was entitled notice of it before trial pursuant to Pa.R.Crim.P. 531(b)(1). *Id.*

We review the denial of a motion for a mistrial for an abuse of discretion. *Commonwealth v. Tejeda*, 834 A.2d 619, 623 (Pa. Super. 2003). "A mistrial upon motion of one of the parties is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial." *Id*. "It is within the trial court's discretion to determine whether a defendant was prejudiced by the incident that is the basis of a motion for a mistrial." *Id*.

Similarly, "[t]he admission of evidence is likewise committed to the sound discretion of the trial court and our review is for an abuse of discretion."

*Commonwealth v. Parker*, 104 A.3d 17, 21 (Pa. Super. 2014) (citation omitted). "An abuse of discretion occurs where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record." *Commonwealth v. Adams*, 104 A.3d 511, 517 (Pa. 2014) (*OAJC*) (citation omitted). However, to the extent the question presents as "an issue involving a constitutional right, it is a question of law; thus, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Baldwin*, 58 A.3d 754, 762 (Pa. 2012).

Both the United States Constitution and the Pennsylvania Constitution protect every person against being compelled to be a witness against himself or herself. U.S. Const. amend. V; PA. CONST. article I, § 9. However, "a mere reference to pre-arrest silence does not constitute reversible error where the prosecution does not exploit the defendant's silence as a tacit admission of guilt." *Adams,* 104 A.3d at 512-13. Therefore, the right against self-incrimination is not burdened when the reference to silence is circumspect and does not create an inference of guilt. *Id.* at 517.

With respect to notice of specific evidence that must be provided to a defendant, Section 531(B)(1) of the Pennsylvania Rules of Criminal Procedure provides for the mandatory disclosure by the Commonwealth of the following:

> (a) Any evidence favorable to the accused that is material either to guilt or to punishment, and is within the possession or control of the attorney for the Commonwealth;

(b) any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made that is in the possession or control of the attorney for the Commonwealth.

Pa.R.Crim.P. 573(B)(1).

The Commonwealth must only disclose inculpatory statements that are in its attorney's possession or control. ***Commonwealth v. Sullivan***, 820 A.2d 795, 804 (Pa. Super. 2003); ***see also Commonwealth v. Boczkowski***, 846 A.2d 75, 97 (Pa. 2004) ("the Commonwealth does not violate disclosure rules when it fails to turn over evidence it does not possess and of which it is unaware.")

Appellant argues that, although he was aware that victim's mother would testify that Appellant told her to believe the victim, the additional unexpected statement about Appellant's silence offered evidence of a "tacit admission" of guilt. Appellant's Br. at 19. Appellant states that this additional testimony was "clearly very damning evidence" and that "[t]he defense is entitled to have all admissions or confessions [that] the Commonwealth intends to produce at trial." ***Id***. at 26-27. He concludes that had he known of mother's additional testimony in advance, Appellant "may" have chosen to explore a non-trial disposition. Appellant's Br. at 28.

In addressing Appellant's claim, the trial court found that the testimony to which Appellant objected "was not so inconsistent with the accompanying statements of which defense counsel was already in possession, namely that the defendant, when asked about the accusations, encouraged the victim's mother to listen to her daughter and believe her daughter." Tr. Ct. Op.,

- 6 -

11/22/22, at 5. The trial court also found that the Commonwealth did not seek to elicit the testimony or exploit the testimony once offered. *Id.* Since Appellant did not request a curative instruction and agreed at trial that the Commonwealth had not intentionally withheld the information, the trial court found that Appellant had waived any claim of prejudice and that the testimony was properly admitted. *Id.*

We agree with the trial court's analysis. Defense counsel was aware of the general scope of the mother's testimony, which was to include her conversation with Appellant. In addition, the record supports the court's finding that the statement was not in the Commonwealth's possession, thus placing it outside of the scope of the Pa.R.Crim.P. 573(B)(1) disclosure rules. N.T. Trial, 10/19/21, at 142. Moreover, as the court noted, the record indicates that the Commonwealth did not seek to exploit the statement as a tacit admission of guilt. N.T. Trial, 10/19/21, 141. Thus, the trial court did not abuse its discretion in denying Appellant's motion for mistrial.

## II. Weight of the Evidence

In his second issue, Appellant challenges the trial court's denial of his post-trial motion wherein he argued that the weight of the evidence at trial was contrary to the jury's verdict on all charges. Appellant's Br. at 30. We affirm the decision of the trial court.

"The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545

(Pa. Super. 2015) (citation omitted). The fact-finder is solely responsible for resolving contradictory testimony. *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. *Talbert*, 129 A.3d at 546.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this Court does not review the underlying question of whether the verdict is against the weight of the evidence. *See id.* at 545-46. "In order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Id.* at 546 (citation omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (citations and emphasis omitted).

Appellant argues that the jury placed too much weight on the uncorroborated testimony of the victim about the sexual abuse, and not enough weight to alleged inconsistencies between her statements and those of other witnesses to the abuse. Appellant's Br. at 33.

The trial court, however, concluded that the jury was entitled to make its own credibility determinations and that Appellant had failed to establish the kind of injustice that would require a new trial. Tr. Ct. Op., 11/22/22, at 6. The trial court noted that Appellant "has failed to explain why greater weight

should be given to the alleged discrepancies than all of the other facts presented at trial" and why "these few details about the years of ongoing abuse should have been given **more** weight than the victim's consistent statements regarding her abuse." *Id.* (emphasis in original).

Appellant essentially asks us to reassess the credibility of the victim and reweigh the testimony and evidence presented at trial. We cannot and will not do so. Our review of the record shows that the evidence is not tenuous, vague, or uncertain, and the verdict was not so contrary to the evidence as to shock the court's conscience. We, thus, discern no abuse of discretion in the trial court's denial of Appellant's weight claim.

### III.   Sentencing Issues

In his third issue, Appellant argues that his sentence of 40-80 years is manifestly excessive. He also argues that the trial court abused its discretion by improperly considering his choice to go to trial as a sentencing factor. These arguments implicate the discretionary aspects of his sentence.

### A.

Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Instead, an appellant must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider or modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal; and (4)

presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). *Id.*

In the instant case, Appellant met the first three criteria. We, thus, next determine if Appellant has raised a substantial question meriting our review of his sentence.

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Summers***, 245 A.3d 686, 692 (Pa. Super. 2021) (citation omitted). This Court has found the existence of a substantial question where the defendant asserts that the sentencing court considered an impermissible sentencing factor. ***Commonwealth v. Macias***, 968 A.2d 773, 776 (Pa. Super. 2009).

In asserting that the sentencing court considered an improper sentencing factor, *i.e.*, Appellant's exercise of his right to a trial, Appellant has raised a substantial question.[3] We, thus, address its merits.

_____

[3] With respect to Appellant's claim that the sentence was manifestly excessive, we note that a bald allegation of manifest excessiveness does not raise a substantial question. ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013). Accordingly, Appellant's manifest excessiveness argument, standing alone, does not raise a substantial question. In addition, Appellant bases his manifest excessiveness argument on citations to several studies concerning the lifespan of Hispanic males. Appellant's Br. at 39-42. While age is a factor a sentencing court may consider in rendering a sentence, as the

*(Footnote Continued Next Page)*

- 10 -

B.

Our review of Appellant's sentence is informed by well-settled legal principles. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Hyland**, 875 A.2d 1175, 1184 (Pa. Super. 2005) (citation omitted). "In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Id.** (citation omitted).

The Sentencing Code requires that, in fashioning an individualized sentence, the sentencing court impose a sentence that is consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." **Id.** In particular, the court should refer to, *inter alia*, the defendant's age, personal

---

trial court notes here, there is no requirement for it to consider these studies as a matter of law in fashioning a sentence. Tr. Ct. Op. at 9-10. 42 Pa.C.S. § 9721(b).

- 11 -

characteristics, and potential for rehabilitation. ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002).

The right to trial is protected by the U.S. Constitution and the Pennsylvania Constitution. U.S. Const. amend. VI; PA. CONST. article I, § 9. If it reasonably appears from the record that the trial court imposed a harsher sentence because the defendant exercised his right to trial instead of pleading guilty, "it is sufficient to render a sentence invalid." ***Commonwealth v. Bethea***, 379 A.2d 102, 107 (Pa. 1977). If the defendant is penalized during sentencing for exercising his or her constitutional rights, that impermissible factor cannot be offset by also considering permissible factors. ***Commonwealth v. Smith***, 673 A.2d 893, 896 (Pa. 1996).

Here, the court considered the attitude of the defendant, the threat posed to the public, the impact on the victim, and the lack of remorse shown by the defendant. Significantly, the court also noted that "[t]he defendant here did not plead guilty or in any way seek to spare further anguish or embarrassment on a young woman victim, but made her testify and forced her to relive the assault, not only in her mind, but in front of about 25 people . . . ." N.T. Sentencing at 49.

Appellant asserts that the court abused its discretion in considering Appellant's exercise of his right to a jury trial as a factor in sentencing Appellant. Appellant's Br. at 37. Appellant emphasizes his constitutional right to a trial by jury and observes that "the vast majority of sexual offense cases

will require a complaining witness to testify in order for the Commonwealth to meet its burden of proof." *Id.* at 38.

In addressing Appellant's challenge, the trial court stated that it had considered various factors in fashioning an appropriate sentence and that "in context, the statements relate not to the Defendant's right to a jury trial but give recognition to the substantial impact the offenses for which the Defendant was found guilty have had upon the victim." Tr. Ct. Op. at 7.

We conclude that the sentencing court's explanation does not ameliorate the fact that while reviewing the sentencing factors, it considered Appellant's exercise of his right to a jury trial as one of its reasons for imposing the sentence that it did. The court explicitly stated "the defendant here did not plead guilty or in any way seek to spare further anguish or embarrassment on a young woman victim, but made her testify and forced her to relive the assault . . . ." N.T. Sentencing at 49. As our precedential case law provides, reliance on an improper factor that affects a defendant's constitutional right cannot be offset by the court's consideration of permissible factors. *Bethea*, 379 A.2d at 107; *Smith*, 673 A.3d at 896.

We, therefore, vacate Appellant's judgment of sentence and remand for a new sentencing hearing. In all other respects, we affirm.

Judgment of Sentence vacated. Case remanded for a new sentencing hearing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/15/2023</u>