J-S23006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID DOMINGUEZ SANCHEZ | : | |
| | : | |
| Appellant | : | No. 2724 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 6, 2023
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0002797-2020

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.: **FILED NOVEMBER 1, 2024**

Appellant, David Dominguez Sanchez, appeals from the judgment of sentence imposed following remand to the trial court for re-sentencing on his convictions for several sexual offenses. Upon review, we affirm.

The factual and procedural history are not at issue. Briefly, Appellant sexually abused his minor stepdaughter over a period of six years. A jury found Appellant guilty of eleven offenses related to this abuse, including rape of a child, aggravated indecent assault of a child, and involuntary deviate sexual intercourse with a child. On March 24, 2022, Appellant was sentenced to an aggregate forty to eighty years of incarceration and was determined to be a sexually violent predator.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant appealed and challenged the weight of the evidence, discretionary aspects of sentencing and the denial of his motion for mistrial. This Court affirmed Appellant's convictions but vacated the judgments of sentence and remanded for a new sentencing hearing because the trial court improperly "considered Appellant's exercise of his right to a jury trial as one of its reasons for imposing the sentence that it did." *Commonwealth v. Sanchez*, 2023 WL 5232956, unpublished memorandum at *6 (Pa. Super. filed August 14, 2023).

After a hearing on September 6, 2023, the trial court resentenced Appellant to an aggregate forty to eighty years of incarceration. Appellant filed a timely post-sentence motion, which was denied. This appeal follows. Both Appellant and the trial court have complied with Pa.R.A.P. 1925. Appellant raises the following issues for our review:

I. Did the court abuse its discretion at resentencing by improperly considering J.S. had to "testify . . . in front of [Appellant . . .] in a full courtroom, including 14 jurors . . ." where this facet of victim impact evidence was intertwined with Appellant's right to trial?

II. Did the trial court abuse its discretion in imposing an aggregate sentence of forty (40) to eighty (80) years' confinement[,] a sentence which is "unlikely to end during Appellant's natural life span or [will] perpetually subject [him] to the discretion of the Board of Probation and Parole" a concept disapproved of in *Commonwealth v. Coulverson*, 34 A.3d 135, 148 (Pa. Super. 2011)?

III. Did the trial court err in that it did not consider Appellant's life, his lack of criminal history, his productive contributions to society, or the potential, that with proper treatment, Appellant could be successfully rehabilitated. In sum, did

- 2 -

> the trial court err in not considering Appellant's background or his rehabilitative needs, as required by 42 Pa.C.S.A. § 9721(b).

Appellant's Brief at 4.

In all three issues, Appellant challenges the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentencing are not entitled to appellate review as a matter of right. *Commonwealth v. Clemat*, 218 A.3d 944, 959 (Pa. Super. 2019). Rather, such challenges are considered petitions for allowance of appeal. *Id.* Thus, an appellant must invoke our jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Id.*

Here, Appellant filed a timely notice of appeal, properly preserved the issue in his post-sentence motion and his brief does not have a fatal defect. Thus, we must determine whether Appellant has raised a substantial question.

> A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014).

"A court's reliance on a defendant's decision to go to trial rather than accept a plea bargain constitutes an abuse of discretion and presents a substantial question." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010 (quoting *Commonwealth v. Bethea*, 379 A.2d 102, 104 (Pa. 1977). Additionally, a claim that the trial court "fail[ed] to offer specific reasons for the sentence that comport with the considerations required in section 9271(b)" raises a substantial question. *Coulverson*, 34 A.3d at 143. However, "[a]n allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question." *Moury*, 992 A.2d at 171. Accordingly, we conclude that Appellant has raised a substantial question relative to his first two issues, but not his third issue. *See Commonwealth v. Summers*, 245 A.3d 686, 692 (Pa. Super. 2021) (noting that an appellant must raise a substantial question as to each claim).

We review a sentencing court's determination for an abuse of discretion:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Clemat*, 218 A.3d at 959. When imposing a sentence, a trial court is required to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant," and state its reason for the sentence

on the record. 42 Pa.C.S.A. § 9721(b); ***Commonwealth v. Fowler***, 893 A.2d 758, 767 (Pa. Super. 2006). Where the court had the benefit of a presentence investigation ("PSI"), we can assume the court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988). Additionally, a sentence within the standard guidelines range is appropriate under the sentencing code. ***Moury***, 992 A.2d at 171.

Appellant first contends that the trial court abused its discretion by improperly considering his right to a jury trial as a sentencing factor. ***See*** Appellant's Brief at 13-20. Specifically, he argues that the trial court's opening statements during the resentencing hearing indicate that "it viewed J.S.'s requirements to testify as victim impact evidence which it believes should be held against Appellant at sentencing," and was the basis for remand initially. ***Id.*** at 16.

At the outset of the hearing, the trial court explained the need to resentence Appellant:

> The purpose of today's hearing is actually for a resentencing of [Appellant] as a result of a decision rendered by the Superior Court. The Superior Court, in ruling upon the appeals of [Appellant], found that the trial was acceptable and only that comments that I made during the period where I was to provide reasons for my sentence may have violated or shown a potential bias to the fact that [Appellant] chose to go to trial.
>
> Before we get back into that, I want to at least state on the record that those comments that were made regarding the victim and

- 5 -

> her testifying in front of [Appellant] in a full courtroom, including 14 jurors, was a factor that I considered as to the impact on these victims. I did not intend, nor do I intend today, to comment on [Appellant's] right to trial, and I've repeatedly said in this courtroom many times, that I think both counsel are aware, that everyone is entitled to go to trial and I certainly could not hold that as an aggravating factor at sentencing or anytime. **The purpose, really, is to address the impact on the victim.**

N.T. Resentencing Hearing, 9/6/23, at 2-3 (emphasis added). Appellant relies upon the trial court's use of the present tense ("is") in the emphasized sentence to support his claim that it relied upon an improper factor. *See* Appellant's Brief at 16-17 ("the court indicates it has not changed its view that a victim's requirement to testify is valid victim impact evidence and can be viewed as an aggravating factor."). We disagree.

Appellant cites *Bethea* in support of his position. There, the trial court commented that if the defendant had plead guilty, "it might have shown me the right side of your attitude about this, but you pled not guilty, fought it all the way, and the jury found you guilty, and I'm going to sentence you at this time." *Bethea*, 379 A.2d at 105-06. Our Supreme Court held that the trial court's comment "indicate[d] that the judge may have been influenced by the fact that appellant chose to stand trial rather than plead guilty," vacated the judgment of sentence and remanded the case for resentencing. *Id.* at 107.

Our inquiry here is "not whether the trial court considered legitimate factors in fixing [a] sentence, but whether it considered **only** such factors." *Id.* at 106 (emphasis added).

> In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of

necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor.

***Bethea***, 379 A.2d at 106-07. After hearing from both counsel, and affording

Appellant the opportunity to speak, the trial court explained its reason for the

sentence it imposed:

> In an abundance of caution I am going to again review some of the factors that were considered.
> * * * *
> I considered the attitude of [Appellant]. He had displayed, over the course of this, a repetitive pattern of offending and was coercive. Testimony revealed and was put before the jury that he told the victim that he would kill her brother and her mother if she did not cooperate. He did not demonstrate any empathy for the victim but, rather, treated her as a sexual object. The victim and [Appellant] were in a father-daughter relationship. [Appellant] was the adult male caregiver in that household, and between the times – excuse me, I should state at the times of the crime, [Appellant] was between 30 and 32 while the victim was between the ages of 6 and 12. I did have a report from the [Sexual Offenders Assessment Board ("SOAB")], and [Appellant's] interest in underage prepubescent children was considered a deviant behavior.
>
> I spoke as to the indignities that were perpetrated on this young female victim; noting at the time that [Appellant] took advantage of his daughter's trust and her willingness to spend more time with her father figure, and she was, speaking on the stand, thankful to [Appellant] for helping her with her math homework, which would lead to other incidents.
>
> I note that [Appellant] is going to serve and has been serving jail for these crimes, but he will eventually be set free; and I've noted that this woman would carry these events, these multiple sexual assaults between the ages of 6 and 12 with her for the rest of her life. It is likely, in her view, that her emotional psyche will never truly be set free.

I felt it was a reflection on [Appellant's] character of the method and how he used sex to inflict more punishment on this young girl. The testimony that the sexual acts, whether vaginally or orally, were painful, and if she complained, he would force her to continue for a longer period of time and he threatened he would kill the mother and the brother if she said anything.

\* \* \* \*

. . . [W]hile I can't undo what has happened to the victim and return the victim to who she was, I believe it is important that the victim knows and understands that she will be safe in moving forward from this point on; that the victim, the young woman whom I know I am to speak for, knows that she can move on from and can grow from the effects of these events on this young woman.

\* \* \* \*

The sentence I did give, and should be highlighted again, reflects a term of incarceration within the standard ranges, and that is notwithstanding the fact that I could have continued to aggravate each count of the sentence.

I wanted to note again that I considered the Commonwealth['s] Sentencing Memorandum, the report of Dr. Mapes, who was a member and reviewer of [Appellant] at the SOAB, as well as the Adult Probation and Parole Department Presentence Investigation. I listened very closely to all the impact statements and the statements made by your family members, sir, who came forward in support.

N.T. Resentencing, 9/6/23, at 5-10.

The instant case is distinguishable. Unlike **Bethea**, our review of the resentencing transcript does not indicate that the trial court considered Appellant's right to a jury trial in fashioning the sentence. Rather, it properly relied upon the evidence adduced at trial, testimony during the sentencing hearing, the PSI and SOAB reports in imposing its sentence. The trial court's introductory remarks merely provided context for why a resentencing occurred. Notably, the trial court explicitly stated, "everyone is entitled to go

to trial and I certainly could not hold that as an aggravating factor at sentencing or anytime." N.T. Resentencing, 9/6/23, at 3. Thus, we conclude the trial court did not penalize Appellant for exercising his right to stand trial, and no relief is due on this claim.

Appellant also asserts that the trial court abused its discretion by imposing an aggregate sentence that is unlikely to end during his natural life in violation of **Coulverson**. There, the appellant argued that the maximum aggregate sentence imposed was "not supported by a statement of record adequate to conform with the Sentencing Code and is excessive in light of the circumstances that foreshadowed his offense." **Coulverson**, 34 A.3d at 144. This Court found "that the trial court's discussion in support of the sentence [was] minimal," and provided only the following statement as justification for its sentence:

> I've listened to everything that everyone had to say, including you, your lawyer, your family, the victim, the victim's family, the victim's friends. I reviewed the presentence investigation report, which I have considered along with the other information.
>
> The destruction you've caused to [the victim], her family, her friends, your family, your friends, the future generations of all those people will last forever.

*Id.* (citation omitted). This Court found the trial court's omission of any specific sentencing factors and a rationale for the sentence imposed, other than the above statement, troubling. *Id.* at 145. Ultimately, we vacated the judgment of sentence and remanded for resentencing because "the trial court's consideration here was plainly inadequate, its explanation scant, and

the resulting maximum sentence manifestly excessive." *Id.* at 150. In sum, we determined that the trial court did not impose an individualized sentence as required by law. *Id.*

Despite Appellant's argument to the contrary, *Coulverson* does not create a *per se* rule that a sentence "unlikely to end during a defendant's natural lifetime" is excessive. Rather, it acknowledges that

> [a] sentence *may* still be excessive regardless of the commencement of terms of imprisonment in the standard guidelines range if the upper end of the sentence imposes a term unlikely to end during the defendant's natural life span or, as here, perpetually subject to the discretion of the Board of Probation and Parole.

*Id.* at 148 (emphasis added). As discussed, *supra*, our Supreme Court reversed the judgment of sentence because the sentence imposed was not individualized and the trial court failed to consider the appellant's background, cooperation, remorse, and rehabilitative needs. *Id.* at 150. The judgment of sentence was not reversed because the aggregate maximum was "unlikely to end during the defendant's natural life."

Moreover, in *Moury*, this Court held that the trial court's repeated request that the defendant explain why he exercised his right to a trial knowing that he was guilty was not an impermissible factor. *Moury*, 992 A.2d at 172-74. When read in context, we concluded that "the trial court viewed Appellant's allocution as a plea for sentence mitigation," and "sought to understand why it should accept [the] apology and acceptance of responsibility" as mitigating evidence. *Id.* at 173. "The court's sentencing

discourse indicates it properly relied upon the evidence adduced at trial, testimony during the sentencing hearing, and the PSI" in imposing the sentence. *Id.* at 174. Here, like *Moury*, the trial court properly considered the evidence adduced at trial, testimony during the sentencing hearing, the PSI and SOAB report in imposing the sentence. Accordingly, no relief is due on this claim.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/1/2024