J-S45038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEBASTIAN D. SANTIBANEZ | : | |
| | : | |
| Appellant | : | No. 991 MDA 2025 |

Appeal from the Judgment of Sentence Entered September 15, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001618-2020

BEFORE: STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED: APRIL 24, 2026**

Appellant, Sebastian D. Santibanez, appeals *nunc pro tunc* from the

judgment of sentence imposed by the Court of Common Pleas of Berks County

following the entry of his guilty pleas to statutory sexual assault, involuntary

deviate sexual intercourse, unlawful contact with a minor, aggravated

indecent assault, sexual abuse of children – photographing, videotaping,

depicting on computer or filming sexual acts, sexual abuse of children –

dissemination of photographs, computer depictions and films, sexual abuse of

children – child sexual abuse material, endangering the welfare of a child,

corruption of a minor, criminal use of a communication facility, indecent

_____

[*] Retired Senior Judge assigned to the Superior Court.

exposure, and indecent assault.[1] Appellant challenges the exercise of the sentencing court's discretion. We affirm.

On May 23, 2022, Appellant entered open guilty pleas to the above-referenced offenses. The factual basis of the pleas was stated by the prosecutor and agreed to by Appellant only as to acts that occurred after the victim was 13 years of age:[2]

> [The Prosecutor]: By pleading guilty, do you admit the following:
>
> That you have a date of birth [in] 1983, and that you began dating the mother of a juvenile female whose initials are A.T. and whose date of birth is [in] 2001, when A.T. was under the age of ten;
>
> That … you began sexually abusing her by touching A.T.'s breasts with your hands and did touch and penetrate A.T.'s vagina with your fingers. This occurred on multiple occasions when A.T. was … 14 years old and did occur at the residence that you shared [] in Douglasville, Berks County, Pennsylvania;
>
> That during this time you held yourself out to be A.T.'s stepfather and would provide for A.T.'s care and support. When A.T. was 14 years old, you did take A.T. to a hotel room at the Valley Forge Casino in Montgomery County where you did have vaginal intercourse with her for the first time, that these acts of sexual intercourse continued through age 18 and included vaginal intercourse and oral intercourse multiple times at the residence in Berks County as well as other places in Montgomery County including your flower shop.

---

[1] 18 Pa.C.S. §§ 3122.1(b), 3123(a)(7), 6318(a)(1), 3125(a)(8), 6312(b), 6312(c), 6312(d), 4304(a)(1), 6301(a)(1)(ii), 7512(a), 3127(a), and 3126(a)(8), respectively.

[2] The prosecutor's recitation of facts included assertions that sexual contact began when A.T. was as young as 11-years-old. Appellant only admitted that the "acts occurred after the age of 13." N.T. Guilty Plea, 6/13/22, 8. That limitation was accepted by the court and the Commonwealth. *Id.* Accordingly, we have excised the allegations prior to A.T. turning 14-years-old.

> During many of the instances of sexual abuse, that you did videotape A.T. performing oral intercourse by you placing your penis into her mouth and having vaginal intercourse with her. These videos you took were taken on multiple cell phones which were recovered by law enforcement and include the victim in states of nudity as well as engaging in sexual intercourse.
>
> Many of these videos were taken prior to A.T. turning 18, that you would use your cell phone and would send the videos to A.T. including sending them via SnapChat. The photos also show your penis and that you would send pictures of your erect penis to [her];
>
> That the victim … turned 14 in July of 2015.

N.T. Guilty Plea, 5/23/22, 6-7. The court accepted the guilty pleas and deferred sentencing. *See id.*, 8-9.

At the sentencing hearing, the parties and court agreed that based on a Sexual Offender Assessment Board report, Appellant did not meet the criteria for a sexually violent offender. *See* N.T. Sentencing, 9/15/22, 5-6. The court ruled, over the Commonwealth's objection, that Count 12, indecent assault, merged into Count 4, aggravated indecent assault. *See id.*, 6-7. The Commonwealth then presented the victim's testimony, including the presentation of two photographs of her when she was eight years old on a day when Appellant, then the new boyfriend of the victim's mother, took her to see a movie. *See id.*, 10-11. As described by the sentencing court, "[t]he photographs depicted the victim in the back seat of a vehicle wearing a dress and sunglasses, while Appellant, in one photograph, sits in the driver's seat in a suit and sunglasses." Opinion, 12/21/22 ("Sentencing Court Opinion"), 4. The photographs were taken before "the sexual abuse or touching" had

started. N.T. Sentencing, 9/15/22, 11. Appellant objected on relevance grounds to the admission of the two photographs as they were taken before "the abuse occurred." *Id.*, 12. The court stated, "I don't know that there is much probative value to them[,] but I will allow them." *Id.*

Immediately after the court admitted the photographs, A.T. read a prepared victim impact statement to the court. *See* N.T. Sentencing, 9/15/22, 13-15. The Commonwealth recommended an aggregate sentence of twenty-three to one hundred and fourteen years' incarceration, followed by seven years' probation. *Id.*, 16. The Commonwealth then explained its recommendation, which consisted of individual terms that were at the top of the standard range with statutory maximums. *See id.*, 17-22. Appellant then presented five exhibits and testimony from four people familiar with his character, who described him variously as a hard worker and good role model that helped other people. *See id.*, 22-29. Appellant's counsel then argued the guilty pleas were limited to conduct committed when the victim was fourteen and fifteen, and contended that Appellant and A.T. were in a functional relationship from when she was sixteen until it ended when she went to police when she was eighteen. *See id.*, 29-20. Counsel recommended an aggregate sentence of five to ten years' incarceration with the understanding that Appellant would ultimately be deported. *See id.*, 32. In his allocution, Appellant stated that he knew his relationship with A.T. was illegal, but claimed it was otherwise consensual; sought help while imprisoned; he understood that he hurt his family – he was legally married with six children;

- 4 -

and would lose his status as a legal resident and be deported to Chile. ***See id.***, 33-37.

The court noted that it had been assigned to the case from the beginning and through the "complicated pre-trial hearing." N.T. Sentencing, 9/15/22, 38. In determining the sentence, the court stated that it took into account, *inter alia*, the guilty plea colloquy, the sentencing hearing witnesses and exhibits, and the recommendations by the parties, though noting that some seemingly logical arguments had no evidentiary support in the record, and stated that it would endeavor to separate out those arguments to be fair to Appellant. ***See id.***,38-39. It explicitly noted that it took "into account" the Sentencing Guidelines and the Sentencing Code, including the statutory factors for protection of the community and the rehabilitative needs of Appellant. ***See id***., 39. The court imposed an aggregate term of nineteen to fifty-five years' imprisonment through the following sentence terms:

> Count 2, involuntary deviate sexual intercourse, five to ten years' imprisonment;
>
> Count 3, unlawful contact with a minor, five to ten years' imprisonment, consecutive to Count 2;
>
> Count 1, statutory sexual assault, two to ten years' imprisonment, consecutive to Count 3;
>
> Count 4, aggravated indecent assault, two to five years' imprisonment, consecutive to Count 1;
>
> Count 6, sexual abuse of children, two to five years' imprisonment, consecutive to Count 4;
>
> Count 7, sexual abuse of children, two to five years' imprisonment, consecutive to Count 4 and concurrent with Count 6;

Count 5, sexual abuse of children, one to five years' imprisonment, consecutive to Count 4 and concurrent with Count 6;

Count 8, endangering welfare of children, one to five years' imprisonment, consecutive to Count 5;

Count 9, corruption of minors, one to five years' imprisonment, consecutive to Count 8;

Count 10, criminal use of a communication facility, one to five years' imprisonment, consecutive to Count 9;

Count 11, indecent exposure, one to two years' imprisonment consecutive to Count 9 but concurrent with Count 10.

*See* N.T. Sentencing, 9/15/22, 41-42; Sentence Orders, 9/15/22.

Subsequent to the sentencing, the following pleadings were filed by or on behalf of Appellant:

On September 22, 2022, Appellant, through plea counsel, filed a petition to modify sentence seeking to amend his sentence to allow for contact with his own minor children. The court granted the petition on October 3, 2022. On September 30, 2022, Appellant filed a *pro se* motion for reconsideration of sentence, which was denied by the court by order dated October 4, 2022.

Defense counsel filed a motion to withdraw on October 11, 2022, citing communication with Appellant indicating that he was seeking new representation for his appeal. A hearing was scheduled on October 26, 2022, and an order denying the motion was entered the same day.

On October 28, 2022, Appellant, through defense counsel, sought *nunc pro tunc* post sentence relief in a reduction of sentence, alleging that the sentence was excessive due to the admission of a photograph of the victim at a younger age than when the conduct for which Appellant was convicted had occurred. This court denied relief by order dated November 1, 2022.

Sentencing Court Opinion, 2 (unnecessary capitalization omitted).

Appellant filed a notice of appeal on November 14, 2022, which was assigned Appeal Docket Number 1582 MDA 2022. The sentencing court

ordered, and Appellant filed, a statement of errors complained of on appeal.

*See* Pa.R.A.P. 1925(b). Appellant raised a single question for appeal:

> Whether the sentence imposed was manifestly excessive, unreasonable, and inconsistent with the provisions of the Sentencing Guidelines where the sentencing court abused its discretion when it: (a) admitted, over the objection of counsel, a photograph of Appellant with the victim wherein the victim was at least six years younger than she was at the time of the within alleged abuse; and (b) failed to state at the time of sentencing that the court did not consider the irrelevant photograph in fashioning its sentence?

Appellant's Rule 1925(b) Statement, 12/8/22 (some capitalization changed).

The sentencing court filed a responsive opinion on December 12, 2022. We quashed this counseled appeal on March 7, 2023, as untimely filed. *See* Superior Court Order, 3/7/23 (1582 MDA 2022) (stating that Appellant's second post-sentence motion "titled *nunc pro tunc*" was filed more than "ten days after the imposition of sentence and the trial court did not grant *nunc pro tunc* relief").[3]

On October 5, 2023, Appellant filed a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*. (PCRA), seeking reinstatement of his direct appeal rights *nunc pro tunc* and alleging the *per se* ineffective assistance of prior counsel in failing to file a timely notice of appeal. *See* Appellant's PCRA Petition, 10/5/23, ¶ 6. On December 5, 2023, the PCRA court

---

[3] Appellant filed a *pro se* Notice of Appeal on March 16, 2023, which was assigned Appeal Docket Number 555 MDA 2023. We also quashed that appeal as untimely filed, in an order filed on May 12, 2023. *See* Superior Court Order, 5/12/23 (555 MDA 2023).

ordered reinstatement of Appellant's direct appeal rights *nunc pro tunc*. **See** PCRA Court Opinion, 3/4/24, 3.

On January 17, 2024, Appellant filed a Notice of Appeal *nunc pro tunc*. The PCRA court filed an opinion explaining the PCRA procedural history and incorporating and attaching the sentencing court's responsive opinion in the 2022 appeal to answer Appellant's substantive issue. **See** PCRA Court Opinion, 3/4/24, 3.

The sole question raised by Appellant for our review is identical to the issue raised in his 2022 Rule 1925(b) Statement. **See** Appellant's Brief, 5. It is a challenge to the court's discretion in imposing sentence.

Discretionary sentencing claims are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015).

> Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by[:] (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms. An appellant must satisfy all four requirements.

***Commonwealth v. Miller***, 275 A.3d 530, 534 (Pa. Super. 2022) (internal citations omitted). "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion." ***Commonwealth v. Thompson***, 333 A.3d 461, 467 (Pa.

Super. 2025) (quoting **Commonwealth v. Malovich**, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted)).

Here, Appellant filed a timely notice of appeal after his direct appeal rights were reinstated *nunc pro tunc* by the PCRA court. He satisfied the second requirement for merits review of his claim that the sentencing court should not have considered the photographs of the victim as an eight-year-old child by objecting to them on relevance grounds during the sentencing hearing. **See Miller**, 275 A.3d at 534 (stating that a discretionary sentencing claim may be preserved at the sentencing hearing); **see also Commonwealth v. Perzel**, 291 A.3d 38, 47 (Pa. Super. 2023) (stating that "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion *or* by presenting the claim to the trial court during the sentencing proceedings") (emphasis supplied).

However, we cannot find that Appellant's untimely post sentence motion seeking *nunc pro tunc* relief preserved the claim therein that his aggregate sentence was an abuse of discretion, as *nunc pro tunc* relief was not granted. **See Commonwealth v. Kramer**, 350 A.3d 975, 986 (Pa. Super. 2025) (finding discretionary sentence claim waived because "arguments which relate to the discretionary aspects of sentence were required to be raised before [] the trial court at sentencing or in a timely filed post-sentence motion" and Kramer did not file a timely post-sentence motion); **Commonwealth v. Wrecks**, 931 A.2d 717, 719 (Pa. Super. 2007) ("[a]n untimely post-sentence motion does not preserve issues for appeal"); **see also Commonwealth v.**

*Fransen*, 986 A.2d 154, 158 (Pa. Super. 2009) (discussing development of law and holding that PCRA grant of reinstatement *nunc pro tunc* of a petitioner's direct appeal rights did not include reinstatement of post-sentence rights where not requested or ineffectiveness not demonstrated with respect to post-sentence motions). Moreover, "[m]erely designating a motion as post-sentence motion *nunc pro tunc* is not enough. When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc.*" *Commonwealth v. Dreves*, 839 A.2d 1122, 1128 (Pa. Super. 2003) (*en banc*). The sentencing court, here, did not exercise its discretion to grant the *nunc pro tunc* relief sought by Appellant.[4]

Appellant satisfied the third requirement for review by including a Rule 2119(f) Statement as a separate section in his brief. *See* Appellant's Brief, 6. We, therefore, turn to whether Appellant established a substantial question for review, which determination is made "on a case-by-case basis." *Commonwealth v. Crawford*, 257 A.3d 75, 78 (Pa. Super. 2021). "We cannot look beyond the statement of questions presented and the prefatory

---

[4] Even if we were inclined to overlook this waiver – we are not – we would find Appellant's claim that his aggregate sentence was an abuse of discretion was waived for the additional reason that it was not raised in his Rule 2119(f) Statement, which only asserts a bias claim against the sentencing court. A party waives any claim he fails to include in his Rule 2119(f) statement. *See Commonwealth v. Lively*, 231 A.3d 1003, 1011 (Pa. Super. 2020); *see also Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) ("this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte, i.e.,* deny allowance of appeal").

Rule 2119(f) statement to determine whether a substantial question exists." *Id.* at 78-79 (*quoting* **Commonwealth v. Radecki**, 180 A.3d 441, 468 (Pa. Super. 2018) (brackets omitted)). "A substantial question exists when the appellant makes a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Snyder**, 289 A.3d 1121, 1126 (Pa. Super. 2023) (citing **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010)).

Appellant asserts that he raises a substantial question on the ground that his "sentence is inappropriate and contrary to the fundamental norms underlying the Sentencing Code because the sentencing court's admission, at sentencing, of a photograph of the victim at a much younger age appears to have demonstrated the sentencing court's prejudice against Appellant." Appellant's Brief, 6. We find a substantial question in Appellant's assertion that admission of the photograph demonstrates the sentencing court's bias. **See Commonwealth v. Corley**, 31 A.3d 293, 297–298 (Pa. Super. 2011) ("an allegation of bias in sentencing implicates the fundamental norms underlying sentencing and hence, we find that it raises a substantial question"). Accordingly, we proceed to the merits of Appellant's claim, albeit narrowly construed due to the nature of his substantial question and the claim actually preserved at the sentencing hearing, that his sentence is "invalid if it appears from the record that the trial court relied in whole or in part on"

- 11 -

allegedly irrelevant evidence, the admission of which demonstrates the court's bias against him. Appellant's Brief, 17.

Appellant argues that the photographs of the victim when she was eight years old, years prior to any admitted allegation of sexual misconduct, was irrelevant and thereby an "impermissible factor" to consider at sentencing. Appellant's Brief, 17. Citing **Commonwealth v. Bethea**, 379 A.2d 102 (Pa. 1977), he asserts that the sentence imposed is "invalid if it appears from the record that the trial court relied in whole or in part on this irrelevant evidence." Appellant's Brief, 15, **compare with Bethea**, 379 A.2d at 106-107 (in making this determination[,] it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence invalid if it *reasonably* appears from the record that the trial court relied in whole or in part upon such a factor") (emphasis added). He contends that the Commonwealth's argument that the photographs demonstrate "grooming" by Appellant, combined with the admission of the photographs into the record, "suggest that the Commonwealth's emotional manipulation succeeded in enflaming the passions or prejudice of the sentencing court" and "presumably relied on [the improper emotional manipulation] in part." Appellant's Brief, 18.

Initially, we note that Appellant erroneously relies on **Bethea**. **See** Appellant's Brief, 15; **Bethea**, 379 A.2d at 107. We recently discussed **Bethea** in a similar context:

In **Bethea**, the sentencing court explicitly imposed a more severe sentence because the defendant had exercised his constitutional right to a trial rather than entering a guilty plea. **See Bethea**, 379 A.2d at 106-107. However, since then, the Pennsylvania Supreme Court limited its holding:

> The application of **Bethea** is limited to the narrow category of cases in which a trial court impermissibly penalizes a defendant for exercising constitutional rights. **Bethea** does not affect every case in which an impermissible sentencing factor is considered. Indeed, such an expansive interpretation of **Bethea** would directly undermine Section 9781(c)(3) of the Sentencing Code which requires an appellate court to affirm a sentence which falls outside of the sentencing guidelines unless the sentence is "unreasonable."

> **Commonwealth v. Smith**, 673 A.2d 893, 896 ([Pa.] 1996). **See also Commonwealth v. Crork**, 966 A.2d 585, 591 (Pa. Super. 2009) (stating that even if sentencing court's consideration of Crork's "history of prior offenses" could be considered to be reliance on an improper factor, "it certainly was not the sole factor employed by the trial court in fashioning Crork's sentence, thus no abuse of discretion occurred"); **Commonwealth v. Sheller**, 961 A.2d 187, 192 (Pa. Super. 2008) ("Even if a sentencing court relies on a factor that should have not been considered, there is no abuse of discretion when the sentencing court has significant other support for its departure from the sentencing guidelines").

**Commonwealth v. Campbell**, 347 A.3d 707, 719 (Pa. Super. 2025) (brackets and internal parallel citation omitted). Appellant has not asserted, much less demonstrated, that, by admitting the challenged evidence, the sentencing court punished him for exercising a constitutional right. Therefore, **Smith**, and not **Bethea**, states the appropriate standard of review.

Here, the sentencing court considered many factors other than the photographs of the victim as an eight-year-old child under Appellant's care.

- 13 -

The court stated for the record the material it considered immediately prior to imposing sentence:

> … this is a most complicated matter[,] and I wanted to make sure that I got it as right as I can. I've taken into account ma[n]y things and, of course, I've been the Judge in this case since it was initiated. We had a lengthy and somewhat complicated pretrial hearing in this case. We had change of counsel. [] I've taken into account all of the substantive things that have happened since this case was filed, including of course, the guilty plea colloquy that was conducted in May. I've taken into account all of the witnesses that we have heard from today. And I have reviewed the exhibits that were introduced with respect to those witnesses as part of this process. … I've taken into account the proceeding here today and recommendations of both sides and I want to point something out and that is there are many things that are said by way of argument and so forth at a proceeding of this nature that consist of statements that are logical perhaps in describing certain things and they have occurred during the course of the events that make up the entire case but for which there is no evidence in the record and while I have listened closely to those arguments I do my best to separate those things that are concretely part of this case I and those that are not. I think that I must do that to be fair to all of the parties but especially to be fair to the Defendant. I've taken into account the [S]entencing [G]uidelines and I've taken into account also the provisions of the [S]entencing [C]ode, which I am required to do. Among the things that I must take into account are the protection of the community. I must take into account the needs of the Defendant so far as rehabilitation may be concerned but all manner of other things as well including ensuring that the sentence that I impose will not diminish the seriousness of the offense in the eyes of the community and that is an important component of all of this. … I also, of course, have reviewed the [pre-sentence investigation report ("PSI")] which establishes the Defendant's prior record score which is zero […].

N.T. Sentencing, 9/15/22, 38-40. Accordingly, Appellant's claim as explicitly raised by him and predicated on the abrogated discussion in ***Bethea*** necessarily fails.

- 14 -

In addiition, we find unpersuasive Appellant's argument that the sentencing court was biased against him because it admitted the photographs of the victim as an eight-year-old and was supposedly swayed by the Commonwealth's argument that the photographs depicted grooming by Appellant. *See* Appellant's Brief, 18. In admitting the photographs over Appellant's objection, the court stated, "I don't know that there is much probative value to them[,] but I will allow them." N.T. Sentencing, 9/15/22, 12. This was a strong indication by the sentencing court that it would *not* place much weight, if any, on the photographs in rendering sentence. It admitted the photographs because "[a] key function of the sentencing hearing is to allow an opportunity for the defense and the prosecution to supply a wide range of information concerning the person who is to be punished." Sentencing Court Opinion, 6 (quoting *Commonwealth v. Losch*, 535 A.2d 115, 120 (Pa. Super. 1987)). "The admissibility of evidence [at sentencing] rests with the sound discretion of the trial court." *Commonwealth v. Bryant*, 67 A.3d 716, 726 (Pa. 2013). We have stated that:

> The conduct of a sentencing hearing differs from the trial of the case. *Commonwealth v. Medley*, 725 A.2d 1255, 1229 (Pa. Super. 1999). To determine an appropriate penalty, the sentencing court may consider any evidence it deems relevant. *Id.* While due process applies, the sentencing court is neither bound by the same rules of evidence nor criminal procedure as it is in a criminal trial. *Id.*

*Commonwealth v. King*, 182 A.3d 449, 455 (Pa. Super. 2018). We therefore agree with the sentencing court that the admission of the photographs was not erroneous as it established that Appellant knew the victim from the time

she was very young, which was relevant to several statutory sentencing factors, such as the protection of the public and the gravity of the offense with respect to the victim. *See* 42 Pa.C.S. § 9721(b).

Accordingly, we discern no abuse of discretion by the sentencing court, either in admitting the photographs into evidence or in imposing sentence based on a myriad of factors presented at the sentencing hearing.[5]

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/24/2026

---

[5] If Appellant's claim that his aggregate sentence was an abuse of discretion had not been waived, review would be confined by the statutory mandate that vacating sentence be limited to when the sentence is "clearly unreasonable." *See Commonwealth v. Johnson*, 125 A.3d 822, 826-827 (Pa. Super. 2015); 42 Pa.C.S. § 9781(c)(2). Where, as here, the sentencing court had a PSI, "it is presumed the court was aware of and weighed all relevant information contained [in the report] along with any mitigating sentencing factors." *Commonwealth v. Baker*, 311 A.3d 12, 19 (Pa. Super. 2022) (internal quotation marks and citation omitted); *see also Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) ("[h]aving been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed").

- 16 -